IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE, DIVISION

RECEIVED
in Clerk's Office

JAN 21 2022

U.S. District Court
Middle District of TN

CEDRIC JONES,
    Plaintiff

vs.

WAVERLY D. CRENSHAW, JUDGE
    Defendant

Docket /Complaint No.: _____

Jury Trial ( Requested

## BEVINS COMPLAINT / CLAIM FOR VIOLATION OF CIVIL RIGHTS WHILE ACTING UNDER COLOR OF FEDERAL LAW

Comes Now the Plaintiff, acting pros se, and files this complaint against district judge Waverly D. Crenshaw for violating his Constitutional Rights while acting under color of federal law.

### STATEMENT OF CLAIM

The Plaintiff alleges that the defendant "willful participated in illegal joint activity with the State, The Respondent under **Case No.** 3:16-cv-02631 " in denying plaintiff's constitutional rights, and that there was a mutual understanding, or a meeting of the minds, between the private party and state actor. The Plaintiff further states that Judge Waverly D. Crenshaw conspired with the Respondent (immune public officials) under federal habeas **Case No.** 3:16-cv-02631 and violated his Constitutional rights while acting under color of federal law . The Plaintiff alleges that judge Waverly D. Crenshaw committed Official Misconduct in his cases ( No. 3:16-cv-02631) while acting under color of federal law and in violation of 42 U.S.C.A. § 1985 Conspiracy to interfere with civil rights. Misconduct in office may involve certain crimes that have specific names such as bribery, extortion, or oppression. Official Misconduct may be defined as any corrupt behavior by an officer in the exercise of the duties of his office. Such misconduct make take place in three different ways:

1.     Malfeasance -doing something that the officer has no authority at all to do
2.     Misfeasance -doing in an improper manner that which he could do properly
3.     Nonfeasance -not doing at all what he should do.

The Plaintiff alleges that Judge Waverly D. Crenshaw failed to recuse himself when he made an allegation under 28 U.S.C §144 in the past under Doc. No. 232. Thus he committed Malfeasance and Nonfeasance-not (not doing at all what he should do by federal law) to "proceed no further". Nor did he rule properly rule on the Petitioner's motions. He simply denied every motion filed.

## STATEMENT OF FACTS

The Complainant filed several Motions (Documents No's 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260 and 261) in the Federal Court (Middle District) at Nashville under Habeas Corpus Case No. 3:16-cv-02631 exercising his 1st Amendment Right (Freedom of Speech).

Judge Waverly D. Crenshaw stated in his ORDER (Doc. 264, PageID#5671), at the second paragraph therein:

> "The only reason provided by Petitioner for wanting the names of grand jury members is to challenge a particular juror's service. But Petitioner already knows the name of that juror, as he identified her by name in his petition for post-conviction relief when he argued that she was not a resident of Davidson County"

However, the Petitioner did not list 'challenging a particular juror's service' as the "only reason" for filing Document NO. 252 (Motion to Inspect the Names of the Grand Jurors who Occurred in the Indictment and to Produce the Grand Jury Minutes and Transcripts).

**The Petitioner stated on line one (1) of that Motion verbatim:**

> "Comes Now, the petitioner, who is representing himself pro se, and files this motion because he objects to the members of his Grand Jury. The petitioner raised this issue in his pro se post-conviction as "Ground 20" See Doc.234, PageId #4833 " See Doc. 252

**Petitioner further alleged under his argument section of that motion (Doc. 252) these exact words:**

> "The petitioner alleges that prosecutorial misconduct occurred in the grand jury proceedings by Prosecutor Robert Paul Carrigan III. " See Doc. 252, under Argument

**Petitioner further alleged under his argument section of that motion (Doc. 252) these exact words:**

> "Petitioner alleges that he was taken by surprise and unable to present his case because he was represented by counsel". See Doc. 252, under the Argument Section at #6

2

## ALLEGATIONS AND ARGUMENTS

The Petitioner/Complainant was not seeking to get a copy of the Grand Jury transcripts to challenge a particular jurors service as the subject judge put it. The Complainant was seeking to get a copy of the grand jury transcripts to see what was taken to the Grand Jury by the prosecution for him to be indicted of having "raping someone with a gun"which had a substantial and injurious effect on him, which the Petitioner/Complainant strictly denies.

In fact, the Complainant/Petitioner alleged this in his Motion (Doc. 252). He said:

> "The petitioner STRICTLY DENIES that he "Took The Victim At Gun Point Period! nor was he ARMED with a weapon when he left his home or used a gun to rape his daughter!" **See his page 3 therein at #13**

Based on the fact that during the petitioners trial (Cedric Jones Criminal Trial), the court (Cheryl Blackburn) said to the jurors: "He's alleged to have used a gun to rape his daughter". But then counsel corrected her saying: "That kind of give the impression that--" and the judge said: **"What about Possessed"** (Referencing Transcript, Page 8 at lines 4-17) **Doc. 178-7, PageID# 2785** , and had the subject judge GRANTED the Complainant's Motion (doc. 252), he would have been able to established that the trial court committed a Constructive Amendment of his indictment which is automatically reversible. This is because a Constructive Amendment of an indictment is considered a Structural Error.

Therefore, The Complainant alleges that judge Waverly D. Crenshaw, (the subject judge), has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts

He did this by making a Partisan statement stating in his ORDER (Doc. 264, PageID#5671), at the second paragraph therein: :

> "The only reason provided by Petitioner for wanting the names of grand jury members is to challenge a particular juror's service. But Petitioner already knows the name of that juror, as he identified her by name in his petition for post-conviction relief when he argued that she was not a resident of Davidson County"

**The definition of Prejudicial means:**

1. Detrimental; Injurious
2. Causing or tending to preconceived judgment or convictions

Because the subject judge (Waverly D. Crenshaw) made this Partisan statement

> " The only reason provided by Petitioner for wanting the names of grand jury members" it did constitution Misconduct.

3
Case 3:22-cv-00045   Document 1   Filed 01/21/22   Page 3 of 9 PageID #: 3

**The definition of Partisan means:**

1. A fervent, sometimes militant supporter or proponent of a party, cause, faction, person, or idea
2. A member of an organized body of fighters who attack or harass an enemy, especially within occupied territory, a guerrilla. **SOURCE: Microsoft Bookshelf Basics- Definitions**

In theory, Judge Waverly D. Crenshaw, the subject judge, is a supporter of the Petitioner's/Complainant's adversary, the Respondent because he use to work for the District Attorneys Office. See the Evidence below showing both the Petitioner's trial court judge and the subject judge.

### EVIDENCE OF PRIOR POSITION OF THE SUBJECT JUDGE AND HOW HE'S PARTIAL

| | |
|---|---|
| **Chief Deputy Attorney General** Office of the Attorney General of the State of Tennessee 1987 Tenn. AG LEXIS 159 87-39, March 12, 1987, **WAVERLY D. CRENSHAW, JR.**, Assistant Attorney General | **Chief Deputy Attorney General** Office of the Attorney General of the State of Tennessee 1986 Tenn. AG LEXIS 146 86-79, April 2, 1986 **WAVERLY D. CRENSHAW, JR.**, Assistant Attorney General |

**Argument:** There is, furthermore, a risk that the judge ``would be so psychologically wedded" to his or her previous position as a prosecutor that the judge ``would consciously or unconsciously {195 L. Ed. 2d 142} avoid the appearance of having erred or changed position." Withrow, 421 U. S., at 57, 95 S. Ct. 1456, 43 L. Ed. 2D 712

### EVIDENCE ON THE PETITIONER'S TRIAL JUDGE AS BEING CONNECTED

| |
|---|
| STATE OF TENNESSEE, APPELLEE, v. JAMES THOMAS JEFFERSON, APPELLANT. COURT OF CRIMINAL APPEALS OF TENNESSEE, AT NASHVILLE 938 S.W.2d 1; 1996 Tenn. Crim. App. LEXIS 317 No. 01-C-01-9403-CR-00084 May 24, 1996, FILED, **Cheryl A. Blackburn, Assistant District Attorney General,** Nashville, TN. **Note:** Cherly Blackburn was the Petitioner's Trial Judge who wrongfully convicted him in 2013. |

### EVIDENCE OF PARTISANSHIP OF ALL PARTIES BEING CONNECTED AGAINT ME

| |
|---|
| STATE OF TENNESSEE v. JULIUS WIEL WALTON COURT OF CRIMINAL APPEALS OF TENNESSEE, AT NASHVILLE 2015 Tenn. Crim. App. LEXIS 342 No. M2014-01337-CCA-R3-CD March 11, 2015, Assigned on Briefs May 12, 2015, Filed, **Michael M. Stahl, Assistant Attorney General** **Note:** Michael M. Stahl, is counsel for the Respondent who is the Petitioner's Adversary. |

**Judge**, this is like having your opponent, (a prosecutor) decide your civil rights violation when he is consciously or unconsciously being an advocate for the Respondent. This is in no way fair to the Petitioner. A competent Judge must agree and that the plaintiff correct and that Judge Waverly D. Crenshaw MUST come off the Petitioner's case under case No. 3:16-cv-02631.

Furthermore, the Petitioner's trial judge (Cheryl Blackburn) worked as an Assistant Attorney General herself too. Search "Cheryl A. Blackburn, Assistant District Attorney General" and you will find: (1) Cheryl A. Blackburn, Assistant District Attorney General, 102 Metropolitan Courthouse, Nashville, TN 37201 under case No. 01-C-01-9112-CR-00382 and . 01-C-01-9403-CR-00084

**Argument:** There is, furthermore, a risk that the judge ``would be so psychologically wedded" to his or her previous position as a prosecutor that the judge ``would consciously or unconsciously {195 L. Ed. 2d 142} avoid the appearance of having erred or changed position." Withrow, 421 U. S., at 57, 95 S. Ct. 1456, 43 L. Ed. 2d 712

**Thus** both Judge Crenshaw, the defendant, State Court Judge Cherly Blackburn, and the Respondent are all in collusion against the Complainant. Therefore, Judge Waverly D. Crenshaw is holly disqualified as he is acting as a sitting Criminal in violation of the Petitioner's civil rights under title 18 USC §241 and 242.

I request your honor that you look into this matter and ORDER Judge Waverly D. Crenshaw to STOP violating my civil rights just because he doesn't like me or my charges and reassign my case to a different judge whom I have filed no complaints against. **See Relief Sought on page 1**

See e.g. Complaints relating to conduct of member of judiciary, which are not connected with judicial office or do not affect administration of justice, are without jurisdiction and therefore outside scope of Judicial Councils Reform and Judicial Conduct and Disability Act of 1980, enacting former 28 USCS § 372(c) and amended by Judicial Improvements Act of 2002, 28 USCS §351-364; phrase, effective and expeditious administration of business of courts, was intended to include willful misconduct in office, willful and persistent failure to perform duties of office, habitual intemperance, and other conduct prejudicial to administration of justice that brings judicial office into disrepute, and Congress intended that judicial council dismiss any complaint outside scope of its jurisdiction. In re Complaint of Judicial Misconduct, 366 F.3d 963 (9th Cir. 2004).

**Here then,** all three Adversaries (**WAVERLY D. CRENSHAW, JR, Cheryl A. Blackburn and Michael M. Stahl, (the Respondent in the Petitioner's Complainant's case)** are connected. **UNDER ARTICLE II. MISCONDUCT AND DISABILITY,** Cognizible Misconduct is conduct <u>prejudicial</u> to the effective and <u>expeditious</u> administration of the business of the courts. Cognizable misconduct includes, but <u>is</u> <u>not</u> <u>limited</u> <u>to</u>, the following:

**(A)** using the judges office to obtain special treatment for friends or relatives; (i.e. District Attorneys)

**(D)** <u>engaging</u> <u>in</u> <u>partisan</u> <u>political</u> <u>activity</u> <u>or</u> <u>making</u> <u>inappropriately</u> <u>partisan</u> <u>statements</u>; **or/and**

**(4) Retaliation.** Cognizable misconduct includes retaliating against complainants, witnesses, judicial employees, or others for participating in this complaint process, or for reporting or disclosing judicial misconduct or disability; **Note**: The Complainant has filed several complaints on the Subject Judge

**Here then**, Judge Waverly D. Crenshaw stated in his ORDER (Doc. 264, PageID#5671), at the second paragraph therein:

> "The only reason provided by Petitioner for wanting the names of grand jury members is to challenge a particular juror's service. But Petitioner already knows the name of that juror, as he identified her by name in his petition for post-conviction relief when he argued that she was not a resident of Davidson County"

Thus he engaged in a partisan political activity by denying the Petitioner's Motion and made an inappropriately partisan statement "The only reason". Thus he knows NOT the Complainant's Reasons and thinks he does. He cannot read the Petitioner's Mind.

As amended by Judicial Improvements Act of 2002, 28 USCS § 351-364; phrase, effective and expeditious administration of business of courts, was intended to include willful misconduct in office, willful and persistent failure to perform duties of office, habitual intemperance, and other conduct prejudicial to administration of justice that brings judicial office into disrepute.

Petitioner alleges that Judge Waverly D. Crenshaw should retire because he has become complacent and lacks the ability to rule fairly for prisoners when they bring legitimate title 28 §2254 petition's in his court. He offers no substantial, genuine relief or service to Prisoners under §2254. All he ever does is use negative laws to "his" benefit and make partisan statements, thus he is disqualified.

# AFFIDAVIT OF COMPLAINT

I swear (or affirm) under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief. Further, I state these statements are made under the penalty of perjury.

_____, pro-se

STATE OF TENNESSEE )
                   )
COUNTY OF WAYNE    )

**SWORN TO AND SUBSCRIBED** before me this the 4th day of October, 2021

_____
NOTARY PUBLIC

My Comm exp.
3/19/25

# **RELIEF SOUGHT**

1. That the Petitioner's Federal Habeas Corpus **Case No.** 3:16-cv-02631, be transferred to judge William L. (Chip) Campbell
2. Injunctive Relief (That Judge Waverly D. Crenshaw NOT be allowed to hear the Petitioner's federal habeas corpus case ( 3:16-cv-02631)
3. Damages
4. **Any other relief allowed under federal law**

Cedric Jones # 519021
555 Forrest Ave
PO Box 279
Clifton, TN 38425

RECEIVED
in Clerk's Office
JAN 21 2022
U.S. District Court
Middle District of TN

Office of the Clerk
United States District Court
801 Broadway Room 800
U.S. Courthouse
Nashville, TN 37203

Legal Mail