IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CEDRIC JONES, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:22-cv-00045 |
| WAVERLY D. CRENSHAW, JR., et al., | ) JUDGE RICHARDSON |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case was reassigned to the docket of the undersigned on February 24, 2022, upon the recusal of Judge Trauger. (Doc. No. 8.)

Before the Court is a pro se complaint for violation of civil rights (Doc. No. 1) filed and subsequently amended (Doc. Nos. 6, 7) by Plaintiff Cedric Jones, an inmate of the South Central Correctional Facility in Clifton, Tennessee. Plaintiff also filed an application for leave to proceed in forma pauperis (IFP), without prepaying fees and costs. (Doc. No. 2.)

However, a prisoner may not file a civil action IFP in district court if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is subject to this provision because, on at least three previous occasions while incarcerated, he has filed a civil action in federal court that was then dismissed for failure to state a claim. *See Jones v. Lindamood, et al.*, No. 3:17-cv-00943 (M.D. Tenn. 2017) (dismissing Jones's § 1983 complaint for failure to state a claim); *Jones v.*

*Manqru, et al.*, No. 3:16-cv-03137 (M.D. Tenn. 2017) (same); *Jones v. Blackburn, et al.*, No. 3:14-cv-01229 (M.D. Tenn. 2014) (same); *see also Jones v. Goldtrap, et al.*, No. 3:12-cv-01338 (M.D. Tenn. 2014) (same), *aff'd*, No. 14-5330 (6th Cir. 2014); *Jones v. Blackburn*, No. 3:13-cv-00248 (M.D. Tenn. 2013) (same); *Jones v. Metropolitan Police Dep't, et al.*, No. 3:11-cv-00877 (M.D. Tenn. 2011) (same).

In light of these prior dismissals, Plaintiff is a "three-striker" who may proceed as a pauper in this action only if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's contention here is that his filings in this Court, including the instant case and his pending habeas corpus case (Case No. 3:16-cv-02631, pending before Judge Crenshaw), are not properly before Judge Crenshaw or Judge Trauger because he has lodged previous complaints against them in the Sixth Circuit Court of Appeals, and because Judge Crenshaw is (according to Plaintiff) biased against him. (*See* Doc. No. 6.) He asserts violations of his constitutional rights (*see id.* at 1; Doc. No. 7 at 2) and seeks the disqualification of Judges Crenshaw and Trauger (Doc. No. 6 at 9, 11) as well as a refund of filing fees previously assessed against him by Judge Trauger. (Doc. No. 7 at 2.) Plaintiff's filings do not suggest that he was in any physical danger at the time of filing, much less "imminent danger of serious physical injury" for purposes of Section 1915(g).

The Court therefore finds that Section 1915(g) precludes the granting of pauper status in this case. Plaintiff's IFP application (Doc. No. 2) is **DENIED**.

The Sixth Circuit Court of Appeals has made the following observation with respect to prisoners who fall within the scope of Section 1915(g):

> A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court

staff. The requirement that the full fees be paid for these actions-whatever their merit or disposition-will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints-thus taking much valuable time away from other non-frivolous litigation-without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

*In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

Accordingly, Plaintiff **SHALL** remit the full $402 filing fee to the Clerk of Court within **30 DAYS** of the entry of this Order. Plaintiff is cautioned that, should he fail to comply with this Order within the time specified (or seek an extension of the deadline before it expires), the full amount of the filing fee will be assessed against him and collected from his inmate trust account, and this action will be dismissed for want of prosecution.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE