IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CEDRIC JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:22-cv-00045 ) |
| WAVERLY D. CRENSHAW, JR., et al., | ) JUDGE RICHARDSON ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

## INTRODUCTION

Plaintiff Cedric Jones filed this civil action on January 21, 2022, while an inmate of the South Central Correctional Facility (SCCF) in Clifton, Tennessee.[1] Plaintiff also filed an application for leave to proceed in forma pauperis (IFP), which the Court denied by Order entered February 24, 2022 (Doc. No. 9), because three or more of Plaintiff's previous filings had been dismissed for failure to state a claim, leaving him ineligible for IFP status under the Prison Litigation Reform Act (PLRA) "unless [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Finding that "Plaintiff's filings do not suggest that he was in any physical danger at the time of filing, much less 'imminent danger of serious physical injury' for purposes of Section 1915(g)," the Court ordered Plaintiff to pay the full filing fee within 30 days. (Doc. No. 9 at 2–3.)

---

[1] Plaintiff was recently transferred to the Whiteville Correctional Facility in Whiteville, Tennessee. (*See* Doc. No. 12.)

On March 8, 2022, Plaintiff filed a Motion for Relief from the Court's Order under Federal Rule of Civil Procedure 60(b). (Doc. No. 11.) As grounds for relief, Plaintiff cites his exposure to imminent danger of serious physical injury from COVID-19, which he allegedly contracted prior to filing the Complaint in this case; from black mold in the ventilation system at SCCF, which aggravated his chronic cough and upper respiratory infections while he was there; and from being forced to reside with a cellmate, in a cell designed for one person, during a pandemic. (*Id.* at 2, 5.) Although these conditions were not mentioned in his Complaint, Plaintiff states in his Rule 60(b) Motion that he "had already alleged a serious physical injury when he filed his 'Motion to be Placed in a Single-Man Cell Pending Review or be Released'" in his habeas corpus case pending before Judge Crenshaw, which he filed "prior to this lawsuit," on December 28, 2021. (*Id.* at 2.) Based on these prior allegations, Plaintiff asserts that he was under imminent danger "way before he filed [t]his lawsuit" and should therefore be allowed to proceed as a pauper. (*Id.* at 3.)

Plaintiff has also filed a Motion for Extension to Pay Filing Fee (Doc. No. 13), seeking additional time to pay the fee if he is not allowed to proceed as a pauper.

## DISCUSSION

Rule 60(b) may be a proper vehicle for "seeking reconsideration of a denial of leave to file a complaint in forma pauperis" under the "three-strikes" provision of Section 1915(g). *Scott v. Keith*, No. CV 17-8822-JVS-KK, 2019 WL 12872746, at *3 (C.D. Cal. Jan. 15, 2019) (citing *Ashford v. Steuart*, 657 F.2d 1053 (9th Cir. 1981)). However, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Percival v. Gerth*, 443 F. App'x 944, 945–46 (6th Cir. 2011) (quoting *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). Therefore, to win relief Plaintiff must show that Section 1915(g) was improperly applied to deny him pauper status based

on then-existing circumstances, either because he had fewer than three strikes when he filed his Complaint, or because his allegations were sufficient to trigger the statute's exception, which "applies only if the complaint alleges facts showing that a danger of serious physical injury exists at the time the complaint is filed." *Id.* at 946.

Plaintiff does not take issue with the Court's finding that he is a three-striker. Instead, he takes issue with the Court's finding that the statutory exception does not apply in this case, asserting that he "had already alleged a pre-existing statement for the 'imminent danger of serious physical injury' standard . . . way before he filed [t]his lawsuit," when he filed a motion to be single-celled or released in his habeas case before Judge Crenshaw. (Doc. No. 11 at 2–3.)

Even if the allegations in Plaintiff's habeas case may properly be considered here, Judge Crenshaw's February 4, 2022 order denying Plaintiff's motion to be single-celled or released casts significant doubt on the imminence of the danger or the seriousness of the injury with which Plaintiff allegedly was confronted at the time of his January 21, 2022 Complaint in the case at bar:

> Petitioner alleges that he has contracted COVID-19, may be at a higher risk of negative COVID-19 outcomes due to his race and high blood pressure, and is experiencing some common symptoms of the virus. However, Petitioner does not allege that he is gravely ill. Indeed, Petitioner appears to be recovering or recovered. He has continued to prepare and mail motions and letters to the Court since filing his Motion to be Placed in a Single-Man Cell. In his most recently filed twelve-page motion dated January 15, 2022, Petitioner does not even mention COVID-19, being sick in any way, or his request to be released on bond or placed in a single-man cell.

*Jones v. Perry*, No. 3:16-cv-02631, Doc. No. 302 at 5 (M.D. Tenn. Feb. 4, 2022).

Likewise, Plaintiff makes no mention of any illness in his Complaint before this Court. Rather, as the Court previously summarized, the Complaint claims that Plaintiff's "filings in this Court, including the instant case and his pending habeas corpus case, are not properly before Judges Crenshaw or Trauger because he has lodged previous complaints against them in the Sixth

Circuit Court of Appeals, and because Judge Crenshaw is allegedly biased against him." (Doc. No. 9 at 2 (internal citations omitted).) Plaintiff "asserts violations of his constitutional rights and seeks the disqualification of Judges Crenshaw and Trauger as well as a refund of filing fees previously assessed against him by Judge Trauger." (*Id.*) Thus, even if Plaintiff's allegations concerning his health condition (offered in a motion filed in his habeas case) are properly considered here, the allegation of physical danger resulting from that condition is not related to any claim to relief he pursues in the Complaint. "As such, he fails to allege that he is in imminent danger of serious physical injury *from the named defendants*." *Smith v. Christiansen*, No. 2:20-CV-13202, 2021 WL 37732, at *2 (E.D. Mich. Jan. 5, 2021) (emphasis added) (citing Second, Third, Seventh, Ninth, and Tenth Circuit cases holding that there must be some nexus between the alleged imminent danger and the legal claims in the complaint.) Though the Sixth Circuit has not issued a published decision requiring a nexus between the allegations of imminent danger and the claims of the complaint, its unpublished decisions endorse the application of such a requirement. *See Lapine v. Waino*, No. 17-1636, 2018 WL 6264565, at *2 (6th Cir. Oct. 11, 2018) (citing Second Circuit's nexus requirement and finding that district court did not err in denying pauper status to three-striker whose "initial complaint failed to tie his legal claims to his allegations of spine disease and resulting pain"); *Shephard v. Morvzin*, No. 16-3236, 2016 WL 10592246, at *1 (6th Cir. Dec. 9, 2016) (quoting *Shephard v. Clinton*, 27 F. App'x 524, 525 (6th Cir. 2001)) (requiring 3-striker to "describe the relationship between the alleged danger and the claims contained in the underlying complaint"). Here, there is no apparent nexus between the relief sought in the Complaint and the conditions which Plaintiff claims were at that time imposing illness or the risk of illness upon him.

Accordingly, Plaintiff has failed to demonstrate grounds for relief from the Court's February 24, 2022 Order finding him ineligible for pauper status under Section 1915(g).

## CONCLUSION

For the reasons given above, Plaintiff's Motion for Relief under Rule 60(b) (Doc. No. 11) is **DENIED**. Plaintiff's Motion for Extension to Pay Filing Fee (Doc. No. 13), by which he seeks to extend his payment deadline until April 24, 2022 (*id.* at 2), is **GRANTED**.

Plaintiff **SHALL** remit the full $402 filing fee to the Clerk of Court on or before **April 24, 2022**. Plaintiff is cautioned that, should he fail to meet this deadline (or seek an extension of the deadline before it expires), the full amount of the filing fee will be assessed against him and collected from his inmate trust account, and this action will be dismissed for want of prosecution.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE