IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CEDRIC JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:22-cv-00045 ) |
| WAVERLY D. CRENSHAW, JR., et al., | ) JUDGE RICHARDSON ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cedric Jones filed this civil action against two sitting judges of this Court on January 21, 2022, while an inmate of the South Central Correctional Facility (SCCF) in Clifton, Tennessee.[1] A cursory examination of his pleadings reveals that he seeks an injunctive order directing the transfer of his pending habeas corpus case (No. 3:16-cv-02631) off of the docket of Chief Judge Crenshaw, whom he alleges is biased against him. (*See* Doc. Nos. 1, 6.)

On February 24, 2022, the Court denied Plaintiff's application for leave to proceed as a pauper and ordered him to pay the full filing fee within 30 days, due to his status as a "three-striker" under 28 U.S.C. § 1915(g) who is not in imminent danger of serious physical injury. (Doc. No. 9.)

On March 23, 2022, the Court denied Plaintiff's Federal Rule 60(b) motion for relief from the order denying pauper status under Section 1915(g), and granted Plaintiff's motion for an extension until April 24, 2022 to pay the filing fee. (Doc. No. 14.) The Court cautioned Plaintiff

---

[1] Plaintiff was recently transferred to the Whiteville Correctional Facility in Whiteville, Tennessee. (*See* Doc. No. 12.)

that failure to pay the fee (or seek a further extension) on or before April 24 would result in assessment and collection of the full, $402 filing fee from his inmate trust account and dismissal of this action for want of prosecution. (*Id.* at 5.)

Though Plaintiff made other filings in this case after the Court's March 23 Order was entered, he did not pay the filing fee or file a motion for further extension of his payment deadline. As his time to do so has now expired, the Court must dismiss this action. Dismissal is appropriate in view of Plaintiff's fault in failing to comply with the Court's Order despite having been warned that such failure could lead to dismissal, *Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004), and pursuant to the Court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute" under Federal Rule of Civil Procedure 41(b). *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court [has] the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal.") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Unless the Court states otherwise, a dismissal under Rule 41(b) is with prejudice, *i.e.*, it "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Despite Plaintiff's pro se status, the Court finds dismissal with prejudice to be the appropriate disposition here, given the plainly improper purpose of this suit—to stage an end-run around Judge Crenshaw's refusal to recuse himself in Plaintiff's pending habeas case,[2] in order to have that case decided by a judge Plaintiff deems more desirable. *See McGee v. United States Gov't*, No. CV 13-116-GW(JCX), 2013 WL 12130579, at *2 (C.D. Cal. Mar. 18, 2013) (citing cases for the proposition that courts must prevent "judge-shopping" by litigants seeking to force recusal of a judge "by simply bringing a civil action against him," as such actions are frivolous and "should not be permitted to frustrate the

---

[2] Plaintiff has filed multiple motions to recuse in that case (*see* No. 3:16-cv-02631, Doc. Nos. 232, 303, 305, and 314), all of which have been denied.

2

administration of justice"). A dismissal without prejudice would needlessly encourage Plaintiff to further pursue this goal in proceedings outside of his habeas case, which is contrary to the interests of justice, improper, and incapable of being made proper through an amended complaint.

Accordingly, this action is **DISMISSED WITH PREJUDICE**. The $402 filing fee is hereby **ASSESSED** against Plaintiff, *see In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002), with payment to be made as follows:

The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. *Id.* § 1915(b)(2). Payments shall continue until the $400.00 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows the plaintiff to his new place of confinement, for continued compliance with the Order.

All payments made pursuant to this Order must be submitted to the Clerk of Court. **The Court has moved. Submissions of filing fee payments must reference Plaintiff's name and the case number indicated on the first page of this Order, and must be mailed to: Clerk, U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.**

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE