IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CEDRIC JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:22-cv-00045 ) |
| WAVERLY D. CRENSHAW, JR., et al., | ) JUDGE RICHARDSON ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On May 3, 2022, the Court ordered the dismissal of this case with prejudice based on (1) Plaintiff's failure to pay the filing fee or seek an extension of time to do so by April 24, 2022, and (2) "the plainly improper purpose of this suit—to stage an end-run around Judge Crenshaw's refusal to recuse himself in Plaintiff's pending habeas case, in order to have that case decided by a judge Plaintiff deems more desirable." (Doc. No. 21 at 1–2.) The case was dismissed with prejudice so that Plaintiff would not be encouraged to further pursue his frivolous claim seeking transfer of his habeas case from Judge Crenshaw's docket, a claim that "is contrary to the interests of justice, improper, and incapable of being made proper through an amended complaint." (*Id.* at 3.)

Unbeknownst to the Court prior to the entry of its dismissal order, Plaintiff had timely filed a motion to extend his April 24 deadline for paying the filing fee (Doc. No. 22), which was received in the prison mailroom and deposited in the mail on April 19, but not stamped received in the Clerk's Office until May 2, 2022. (*See id.* at 4.)

Plaintiff's motion to extend his deadline, though timely filed, is nevertheless **DENIED**. Given the Court's finding that the relief sought in this action is improper, it would be futile to reopen this case and allow Plaintiff an extension of his fee-payment deadline.

As mentioned above, the Court's dismissal with prejudice rested on two separate grounds. In light of Plaintiff's timely filing of a motion to extend his deadline to pay the filing fee, the dismissal Order (Doc. No. 22), to the extent it rested on grounds of failure to prosecute, is **VACATED IN PART**.

However, the second ground upon which dismissal was ordered—the frivolousness of Plaintiff's attempt to have his habeas case moved to the docket of a different judge of this Court via a new civil action—is unaffected by Plaintiff's continued prosecution of the case and is a proper, independent ground for dismissal at the outset of the case, *see* 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(2), or at any time thereafter. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction . . . when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."); *see also McGee v. United States Gov't*, No. CV 13-116-GW(JCX), 2013 WL 12130579, at *2 (C.D. Cal. Mar. 18, 2013) (citing cases for the proposition that courts must prevent "judge-shopping" by litigants seeking to force recusal of a judge "by simply bringing a civil action against him," as such actions are frivolous and "should not be permitted to frustrate the administration of justice"); *Hughes v. Berryhill*, No. CV 16-352-ART, 2017 WL 3000035, at *1 (E.D. Ky. Feb. 21, 2017) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)) ("Judge-shopping clearly constitutes 'conduct which abuses the judicial process.' The district court's inherent power to

impose dismissal or other appropriate sanctions therefore must include the authority to dismiss a case for judge-shopping.")).

The dismissal with prejudice of this action and the assessment and collection in installments of the full filing fee (to which Plaintiff waived any objection by filing the complaint, *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)) thus remains proper and valid irrespective of Plaintiff's timely attempt to obtain relief from the deadline for prepayment of the fee. Accordingly, for the reasons given here and in the Court's prior Order, this case will remain closed.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE